# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TODD M. HOPKINS,

          Plaintiff,

-vs-                              Case No.   12-CV-755

MICHAEL A. DITTMANN, SCOTT ECKSTEIN,
STEVE SCHULER, LT. TRINRUD,
SHARON HARTER, KELLY MUESKE,
SGT. DOBBERSTIEN, CO MERTZ,
and CO MORRELL,

          Defendants.

## SCREENING ORDER

The plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $19.12.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);

*Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must,

2

second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was incarcerated at Redgranite Correctional Institution (RGCI) at all times relevant. According to the complaint, on February 21, 2012, at 4:30 a.m., the plaintiff slipped and fell on black ice as he was walking to his job in the main kitchen. A winter storm warning had been issued the night before with snow forecast to begin around 2:00 a.m. No shoveling had been done and no salt had been thrown on the sidewalks when the plaintiff walked to work, and there was about an inch of snow covering the walkway. When he was almost to the end of the E Unit on the walkway, the plaintiff slipped and fell on an unseen patch of black ice. He was taken to the infirmary in a wheelchair. After an approximate 90 minute wait, a nurse saw the plaintiff and approved him to leave prison and go to a hospital.

The hospital examination revealed two broken ankle bones. At 6:30 p.m, the plaintiff underwent surgery to repair the broken bones. A four and one-half inch plate was attached to his tibia with six screws. The surgery was successful and the plaintiff returned to RGCI the following

3

day. Dr. Jones, the doctor at the hospital, gave the plaintiff a prognosis for a full recovery with no loss of use of the ankle. However, Dr. Jones cautioned that the plaintiff would have long-term aches and pains, and that certain types of work would not be good for his ankle. The plaintiff does construction work for a living, and this restriction may result in loss of future earnings.

The plaintiff alleges that the injury would not have occurred if the walkway had been shoveled or, alternatively, salted. He asserts that it was deliberately indifferent not to do that, and that this was not an isolated incident in that there were at least six other slip and fall accidents in the 60 days prior to the incident. The plaintiff states that the "deliberate indifference shown by officers and officials to the possibility of hazardous and dangerous conditions making it unsafe for inmates to walk to the inmates' jobs at 4:30AM was reckless disregard for the excessive risk to inmate health and safety[.]" (Compl. at 5.)

The plaintiff claims that his rights under the Eighth Amendment to the United States Constitution were violated. He seeks monetary damages.

To successfully make out a § 1983 claim, a plaintiff must allege that the defendants were deliberately indifferent to a serious risk of substantial harm. Deliberate indifference is a mental state approaching intent: the defendant need not intend harm, but he must know that an excessive risk exists to the plaintiff's health and safety if no corrective action is taken. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). When the complaint alleges that the defendants failed to protect the plaintiff from a known dangerous condition, the question of deliberate indifference can be phrased as whether the plaintiff's exposure to that condition would "offend contemporary standards of decency." *Christopher*, 384 F.3d at 882.

4

In *Christopher*, the Seventh Circuit rejected an inmate's claim of deliberate indifference when he alleged that the conditions on the prison's softball field were dangerous. *Id.* The inmate alleged that a "lip" on the field, which had previously resulted in injury to another inmate, caused a ball to bounce up into his face and injure him. The court found that even if the defendants knew the lip was inherently dangerous, exposure to that condition did not amount to deliberate indifference. The court contrasted exposure to other dangerous conditions – such as excessive cigarette smoke, violent other inmates, dangerous machinery, and raw sewerage – and concluded that exposure to a dangerous softball field did not offend contemporary standards of decency. *Id.*

In this case, assuming that defendants knew that the walkway would be snow-covered and icy, such a hazard, like a dangerous softball field, simply "does not amount to a condition objectively serious enough to implicate the Eighth Amendment." *Id.* at 882. In other words, the complaint does not rise to the level of dangerousness that would allow a factfinder to conclude either that there was an objectively serious risk of harm or that the defendants possessed the culpable mental state. Instead, the plaintiff states a classic claim for negligence, which he is free to allege in state court. Because his complaint fails to allege a sufficiently serious risk of harm, the plaintiff fails to state a claim for deliberate indifference. In short, negligence is not enough. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (rejecting inmate's due process claim after inmate fell on stairs due to the presence of a pillow left there by jail staff); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment").

5

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **granted**.

**IT IS FURTHER ORDERED** that this action is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $330.88 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the

institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2012.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**